# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

| | |
|---|---|
| SUNRISE MEDICAL (US) LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| KI MOBILITY, LLC, and | ) |
| KI MOBILTY EXPORTS, INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sunrise Medical (US) LLC ("Sunrise Medical") makes the following claims for relief against Defendants Ki Mobility, LLC and Ki Mobility Exports, Inc. (collectively referred to as "Ki Mobility"):

## NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

## THE PARTIES AND THE ASSERTED PATENTS

2. Sunrise Medical is a Delaware limited liability company with a place of business at 6899 Winchester Circle, Suite 200, Boulder, Colorado 80301.

3. Sunrise Medical designs, develops, manufactures and distributes manual

wheelchairs, power wheelchairs, motorized scooters and seating and positioning systems.  Sunrise Medical manufactures its products in its facilities in the United States, Mexico, Germany, the United Kingdom, Spain and China.  Its main products, marketed under the Quickie®, Sopur®, Zippie®, Breezy®, Sterling® and JAY® brands, are sold through a network of homecare medical product dealers or distributors in over 130 countries.

4. Ki Mobility, LLC is a Wisconsin limited liability company with a place of business at 4848 Industrial Park Road, Stevens Point, Wisconsin 54481.  Ki Mobility, LLC was founded in 2004 by Doug Munsey and Murray Slagerman, both of whom are former employees of Sunrise Medical.  Mr. Munsey is President of Ki Mobility, LLC.

5. Ki Mobility Exports, Inc. is a Wisconsin corporation with a place of business at 4848 Industrial Park Road, Stevens Point, Wisconsin 54481.  Ki Mobility Exports, Inc. is affiliated with Ki Mobility, LLC.

6. Ki Mobility markets, distributes and sells manual wheelchairs through a network of dealers throughout the United States, including Colorado.  One of Ki Mobility's products is the Focus CR wheelchair, which is accused of infringement in this suit.  Ki Mobility introduced the Focus CR wheelchair in 2013.

7. On March 7, 2006, the U.S. Patent and Trademark Office issued U.S. Patent No. 7,007,965, entitled, "Center-of-Gravity Tilt-in-Space Wheelchair" (the "965 patent").  (Exhibit A).  And on July 2, 2013, the U.S. Patent and Trademark Office issued U.S. Patent No. 8,474,848, entitled, "Personal Mobility Vehicle With Tiltable Seat" (the '848 patent").  (Exhibit B).  The application for the 848 patent was a

continuation-in-part of the application for the 965 patent.

8. Sunrise Medical owns full right, title and interest in the 965 and 848 patents, including the sole and exclusive right to enforce, and standing to sue for infringement and to recover damages for infringement of, the 965 and 848 patents.

9. The 965 and 848 patents name the same inventors, all of whom were employees of Sunrise Medical. Two of the named inventors -- Thomas J. Whelan and Richard Schneider -- are now employed by or otherwise associated with Ki Mobility.

10. Sunrise Medical has commercialized the 965 and 848 patents in its Quickie® Iris™, Quickie® Iris™ SE, Quickie® SR45, Zippie® Iris™ and Zippie® Iris™ SE wheelchairs.  The patented center-of-gravity, tilt-in-space design drives demand for and sales of these wheelchairs.

11. While employed at Sunrise Medical, Messrs. Whelan and Schneider worked on the design and development of the patented Quickie® Iris™ wheelchair. Later, at Ki Mobility, Messrs. Whelan, Schneider, along with former Sunrise Medical employee and Ki Mobility co-founder Mr. Slagerman, worked on the design and development of the accused Focus CR wheelchair.  Mr. Slagerman was the lead engineer on the Focus CR wheelchair project.

## **PERSONAL JURISDICTION AND VENUE**

12. Ki Mobility has conducted business in this judicial district; has purposefully availed itself of the privilege of conducting business with residents of this judicial district, including end users of the products accused of infringement; has established at least minimal contacts with Colorado such that it should reasonably and fairly anticipate being

brought into court in Colorado; and has purposefully reached out to residents of Colorado through its marketing, distribution and sale of products, including the products accused of infringement.

13. For example, Ki Mobility has numerous dealers in Colorado. Ki Mobility did design and developmental work on the accused Focus CR wheelchair in Colorado, and components for the accused Focus CR wheelchair are supplied by Vforge, Inc., which is located in Lakewood, Colorado.

14. This Court has personal jurisdiction over Ki Mobility by virtue of its tortious acts of patent infringement which have been committed in Colorado, including in this judicial district, and by virtue of Ki Mobility's transaction of business in Colorado.

15. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## KI MOBILITY'S ACTS OF PATENT INFRINGEMENT

### Infringement of the 965 Patent

16. Ki Mobility has made Focus CR wheelchairs in the United States during the term of the 965 patent.

17. Ki Mobility has used Focus CR wheelchairs in the United States during the term of the 965 patent.

18. Third parties have used Focus CR wheelchairs in the United States during the term of the 965 patent.

19. Ki Mobility has assisted third parties to use Focus CR wheelchairs in the United States during the term of the 965 patent.

20.	Ki Mobility has assisted third parties to use the seat tilting functionalities of Focus CR wheelchairs in the United States during the term of the 965 patent.

21.	Ki Mobility has offered to sell Focus CR wheelchairs in the United States during the term of the 965 patent.

22.	Ki Mobility has sold Focus CR wheelchairs in the United States during the term of the 965 patent.

23.	The Focus CR wheelchair has a base.

24.	The Focus CR wheelchair has a plurality of wheels adapted to support the base relative to a supporting surface.

25.	The Focus CR has a seat for an occupant.

26.	The Focus CR has one or more tracks supporting a seat.

27.	The Focus CR has a base.

28.	In the Focus CR, the seat rotates with respect to the base.

29.	The Focus CR uses one or more tracks for rotation of the seat with respect to the base.

30.	The Focus CR uses one or more rolling surfaces for rotation of the seat with respect to the base.

31.	The Focus CR uses one or more sliding surfaces for rotation of the seat with respect to the base.

32.	In the Focus CR, each track used for rotation of the seat with respect to the base has a substantially constant-radius arc with a focal point adapted to be substantially coincident with the center of gravity of the occupant.

33. The Focus CR wheelchair is covered by one or more claims of the 965 patent.

34. Sunrise Medical has not authorized Ki Mobility to make, use, offer for sale or sell wheelchairs that are covered by any claim of the 965 patent.

35. Ki Mobility has infringed one or more claims of the 965 patent under 35 U.S.C. § 271(a) by making, using, offering for sale, providing and selling the Focus CR wheelchair in the United States.

36. Ki Mobility has actively induced infringement of one or more claims of the 965 patent under 35 U.S.C. § 271(b) by providing and encouraging and aiding others to use, offer for sale, provide and sell the Focus CR wheelchair in the United States.

37. Ki Mobility had knowledge of its infringement of the 965 patent before this suit was filed, and has acted with the specific intent to induce infringement.

## Infringement of the 848 Patent

38. Ki Mobility has made Focus CR wheelchairs in the United States during the term of the 848 patent.

39. Ki Mobility has used Focus CR wheelchairs in the United States during the term of the 848 patent.

40. Third parties have used Focus CR wheelchairs in the United States during the term of the 848 patent.

41. Ki Mobility has assisted third parties to use the Focus CR wheelchair in the United States during the term of the 848 patent.

42. Ki Mobility has assisted third parties to use the seat tilting functionalities of

Focus CR wheelchairs in the United States during the term of the 848 patent.

43. Ki Mobility has offered to sell Focus CR wheelchairs in the United States during the term of the 848 patent.

44. Ki Mobility has sold Focus CR wheelchairs in the United States during the term of the 848 patent.

45. The Focus CR wheelchair has a seat that is moveable relative to a base along a curve having a focal point.

46. The Focus CR is adjustable to position the center of gravity of an occupant.

47. The Focus CR is adjustable to position the center of gravity of an occupant substantially coincident with the focal point of a curve.

48. In the Focus CR, the center of gravity of an occupant remains substantially coincident with the focal point of a curve defined by a track as the seat is moved along the curve.

49. The Focus CR wheelchair is covered by one or more claims of the 848 patent.

50. Sunrise Medical has not authorized Ki Mobility to make, use, offer for sale or sell wheelchairs that are covered by any claim of the 848 patent.

51. Ki Mobility has infringed one or more claims of the 848 patent under 35 U.S.C. § 271(a) by making, using, offering for sale, providing and selling the Focus CR wheelchair in the United States.

52. Ki Mobility has actively induced infringement one more claims of the 848

patent under 35 U.S.C. § 271(b) by providing and encouraging and aiding others to use, offer for sale, provide and sell the Focus CR wheelchair.

53. Ki Mobility had knowledge of its infringement of the 848 patent before this suit was filed, and has acted with the specific intent to induce infringement.

### DAMAGES, IRREPARABLE HARM AND WILLFULNESS

54. Sunrise has complied with the marking and notice requirements of 35 U.S.C. § 287.

55. Ki Mobility's infringement has injured, and continues to injure, Sunrise Medical. For example, Ki Mobility markets and sells the Focus CR wheelchair in direct competition with Sunrise Medical's patented wheelchairs. As a result, Sunrise Medical has lost sales and market share to Ki Mobility.

56. Ki Mobility touts and emphasizes the center of gravity, tilt-in-space design of the Focus CR wheelchair in its marketing and promotion materials, and the center of gravity, tilt-in-space design drives demand for and sales of the Focus CR wheelchair.

57. Sunrise Medical is entitled to recover damages adequate to compensate it for Ki Mobility's infringement, including its lost profits, but no event less than a reasonable royalty, under 35 U.S.C. § 284.

58. Absent an injunction against further infringement by Ki Mobility, Sunrise Medical will continue to suffer irreparable harm.

### WILLFULNESS

59. Ki Mobility has engaged in the acts of infringement set forth in this Complaint with knowledge of Sunrise Medical's patent rights, but has not made an effort

to avoid infringement of the 965 and 848 patents.

60.     Ki Mobility's infringement has been willful and deliberate.

61.     Ki Mobility has acted with at least reckless disregard for Sunrise Medical's patent rights.

## PRAYER FOR RELIEF

WHEREFORE, Sunrise requests that a judgment be entered as follows:

A.     Finding that Ki Mobility has infringed the 965 patent;

B.     Finding that Ki Mobility has infringed the 848 patent;

C.     An injunction prohibiting Ki Mobility and all those acting in concert or participation with Ki Mobility from further acts of infringement of the 965 and 848 patents;

D.     An award to Sunrise Medical of such damages as it can prove at trial against Ki Mobility sufficient to fully and adequately compensate Sunrise Medical for the acts of infringement that have occurred, said damages to be no less than a reasonable royalty;

E.     An award to Sunrise Medical for any damages so determined that are found for willful infringement, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

F.     Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding to Sunrise Medical reasonable attorneys' fees, expenses and costs incurred in this action; and

G. Such other relief as this Court and/or a jury may determine to be proper and just.

## JURY DEMAND

Sunrise hereby demands a trial by jury on all issues triable to a jury in this case.

Date: May 1, 2014

Respectfully submitted,

*/s/David J. Sheikh*
David J. Sheikh
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602-4515
Phone: (312) 236-0733
Fax: (312) 236-3137
Email: sheikh@nshn.com

*Counsel for Plaintiff Sunrise Medical (US) LLC*