**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-01249-RBJ

SUNRISE MEDICAL (US) LLC,

     Plaintiff,

v.

KI MOBILITY, LLC, and
KI MOBILITY EXPORTS, INC.

     Defendants.

_____

**STIPULATED PROTECTIVE ORDER**
_____

     Plaintiff Sunrise Medical (US) LLC ("Sunrise Medical") and Defendants Ki Mobility, LLC and Ki Mobility Exports, Inc. (collectively, "Ki Mobility"), through counsel, hereby stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, in support thereof, state as follows:

**1.**      **Purposes and Limitations.**

     By entering this Protective Order, the Court is not ordering that any confidential and/or proprietary information that is sought by any party in their requests for production and inspection is, or is not, subject to the disclosure and discovery process.  Further, this Protective Order does not preclude any of the parties from seeking further protection from the Court before producing confidential and/or proprietary information

that any party believes may not be adequately protected by the provisions of this Protective Order, or from seeking leave to refuse production of such information.

2. **Definitions.**

As used in the Protective Order, these terms have the following meanings:

a. **"Attorneys of Record"** means outside counsel of record in this litigation;

b. **"Confidential"** documents are documents designated under Paragraph 2;

c. **"Confidential—Attorneys' Eyes Only"** documents are the subset of Confidential documents designated under Paragraph 3;

d. **"Protected Information"** means documents and information designated as "Confidential" or "Confidential—Attorneys' Eyes Only";

e. **"Documents"** includes all materials within the scope of Fed. R. Civ. P. 34;

f. **"Information"** includes all materials within the scope of documents, exhibits, evidence or things used at trial, depositions or other proceedings; any testimony, whether given at trial or a deposition; and any other means of presenting, producing or revealing information;

g. **"Outside Vendors"** means messenger, copy, coding, and other clerical services vendors not employed by a party or its Attorneys; and

h. **"Written Assurance"** means an executed document in the form attached as Exhibit A.

3. **"Confidential" Documents and Information.**

When a party in good faith contends that any Document, portion of Document, or Information (including testimony, interrogatory responses, other discovery responses, or transcripts) constitutes or contains Information that is not publicly available, that party may designate such Document or Information as "Confidential." Access to any Confidential Documents or Information shall be limited to:

a.  the Court and its officers;

b.  the Attorneys of Record for the parties and their office associates, legal assistants, stenographic and clerical employees, and their Outside Vendors whose functions require access to Information in that Confidential Document;

c.  persons shown on the face of the Document to have authored or received it or, in the case of a deposition or trial testimony transcript, the person shown on the face to have given the testimony recorded therein;

d.  court reporters and their staff retained to transcribe testimony;

e.  no more than three officers, employees, in-house counsel, or independent contractors of the receiving party, provided that (i) access by such persons is reasonably necessary to prosecute or defend this action, and (ii) each such person executes the Written Assurance in the form attached hereto as Exhibit A (to be retained by the Attorneys of Record for the receiving party during the pendency of this action) before receiving access to any Confidential Information;

f.  subject to Paragraph 7 below, outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained for purposes of this litigation by a party or its attorneys to furnish electronic discovery, technical or expert services or to provide assistance as jury/trial consultants, mock jurors or focus group members, and/or to give testimony in this action (including support personnel for such outside independent persons who assist with or conduct substantive review and analysis of Protected Information), but specifically excluding those persons who have or will in the future prepare and prosecute patents for a party relating to the subject matter of this litigation; and

g.  subject to Paragraph 7 below, and during any deposition, hearing, or trial, persons who give testimony in this action.

4. **"Confidential—Attorneys' Eyes Only" Documents and Information.**

The parties shall have the right to further designate Documents, portions of Documents, or Information (including testimony, interrogatory responses, other discovery responses, or transcripts) as "Confidential—Attorneys' Eyes Only," when a party in good faith contends that such Documents or Information constitute or contain Information for which, under the standard set out in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984) and its progeny, nondisclosure to certain individuals identified in Paragraph 3 is justified. This category includes Information not publicly available from which the receiving party could gain advantage (economic or otherwise) if disclosed. Access to any "Confidential—Attorneys' Eyes Only" Documents or Information shall be limited to persons designated in Paragraphs 2(a), (b), (c), (d), (f), and (g). If a party is required to serve a Document containing "Confidential—Attorneys' Eyes Only" Information, including but not limited to answers to interrogatories, the party may serve and file that Information in a separate Document or with the relevant pages conspicuously marked.

5. **Third Parties.**

Third parties producing Documents or providing testimony in the course of this action may also designate Documents or Information as "Confidential" or "Confidential—Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All Documents or Information produced by such third parties shall be treated as "Confidential—Attorneys' Eyes Only" for a period of 10

business days from the date of their production, and during that period any party may designate such Documents and Information pursuant to the terms of the Protective Order.

**6.     Use of Protected Information.**

Protected Information shall be used only for purposes of prosecuting or defending this action, including any appeals.

**7.     Written Assurance.**

Non-attorneys designated pursuant to Paragraph 3(e) and each person appropriately designated pursuant to Paragraph 3(f) to receive Protected Information shall execute a Written Assurance in the form attached as Exhibit A prior to receiving any Protected Information except that with respect to any person appropriately designated pursuant to Paragraph 3(f), a Written Assurance is not required (i) to furnish electronic discovery services, (ii) to provide assistance as mock jurors or focus group members, (iii) to give testimony in this action or (iv) for support personnel for such outside independent persons who provide only stenographic or clerical services (hereinafter referred to as "Clerical Support."  Counsel for the party or non-party that has produced such Protected Information shall be notified at least 5 business days prior to any intended disclosure of such Protected Information to any person designated pursuant to Paragraphs 3(f); except that with respect to any person appropriately designated pursuant to Paragraph 3(f) such prior notice is not required (i) to furnish electronic discovery services, (ii) to provide assistance as jury/trial consultants, mock jurors or focus group members, or (iii) for Clerical Support.  When such notice to

counsel is required it shall provide a sufficient description of the person to whom disclosure is sought to permit objection to said disclosure. If a party or non-party objects in writing to such disclosure within 5 business days after receipt of notice, no disclosure of any such Protected Information shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party or non-party. In such a case of objection to disclosure, the parties and any non-parties will confer and in good faith attempt to reach agreement. If the requested disclosure is not ultimately agreed to, the party seeking to disclose such Protected Information may move the Court for appropriate relief, providing notice to any non-party whose designation of Documents or Information as Protected Information may be affected. The party or non-party objecting to the disclosure of such Protected Information to a person designated pursuant to Paragraph 3(f) shall have the burden of proving that such Information warrants protection from disclosure to said designated person. Under such circumstances, no disclosure will occur until the Court has resolved the dispute.

**8.** **Depositions.**

All depositions or portions of depositions taken in this action and any Documents, things, or exhibits used at those depositions may be designated as "Confidential" or "Confidential—Attorneys' Eyes Only" pursuant to the terms of this Protective Order. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 20 calendar days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential Attorneys' Eyes Only" during the 20-calendar-day period following receipt of the transcript. Unless

otherwise agreed upon by the parties, any transcript, or the applicable portions thereof, shall be marked "Confidential—Attorneys' Eyes Only [*or appropriate designation*], pursuant to Protective Order dated [*date of this Protective Order*]." If it is necessary to submit them to the Court, all portions of the transcript and all exhibits designated as "Confidential" or "Confidential—Attorneys' Eyes Only" shall be filed under seal and kept under seal until further Order of the Court.

**9.   Inadvertent Failure to Identify.**

Any party who inadvertently fails to identify Documents as "Confidential" or "Confidential—Attorneys' Eyes Only" shall have 10 business days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced Documents. Any party receiving such inadvertently unmarked Documents shall make reasonable efforts to retrieve Documents distributed to persons not entitled to receive Documents with the corrected designation.

**10.   Inadvertent Production.**

Nothing in this Protective Order shall require production of information which a Party or any Non-Party contends is protected from disclosure by the attorney-client privilege or the work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a Party has inadvertently produced to the other Party information subject to claim of immunity or

privilege, the other Party upon request shall promptly return, delete or destroy the document (as well as any and all copies) for which a claim of inadvertent production is made and shall certify to that effect.  The Party returning such information may then move the Court for an Order compelling production of such information (provided that the challenging Party has otherwise complied with this Court's procedures for resolving discovery disputes), but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.  In such a circumstance, the challenging party may retain one copy of each document that is subject to the challenged claim of privilege for the sole purpose of pursuing the challenge.

**11.     Filing Protected Information.**

Absent written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Information.  A Party seeking to file Protected Information under seal with the Court must follow the procedures set forth in D.C.COLO.LCivR 7.2.  All restricted documents shall be served on the non-filing Party outside of the CM/ECF system.  Either Party may seek further protections from the Court prior to disclosure of materials or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" at trial or a hearing.

**12.     Resolution of Objections to Designations and Change in Designation.**

Any party may request a change in the designation of any Information designated "Confidential" or "Confidential—Attorneys' Eyes Only."  Any such Document shall be treated as designated until the change is completed.  If the parties disagree as to the

propriety of the designation, the parties will, within 5 calendar days of any request to change a designation, confer and in good faith attempt to reach agreement. If the requested change in designation is not ultimately agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced Documents in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the Information in question warrants the protection afforded to Documents by Fed. R. Civ. P. 26(c).

**13.     Destruction Upon Termination of Action.**

Within 60 calendar days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all Documents designated "Confidential" or "Confidential—Attorneys' Eyes Only" and all copies of such Documents, and shall destroy all extracts and data taken from such Documents. Each party shall provide a certification as to such return or destruction as within the 60-day period. Attorneys of Record in the litigation shall be entitled to retain, however, a set of all Documents filed with the Court and all correspondence generated in connection with this action, along with any work product generated in connection with this action.

**14.     Modification.**

Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

**15.   Privilege and Waiver.**

No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.  Nothing in this Protective Order is intended to affect any right any party otherwise might have under the rules governing this proceeding or the attorney-client or work-product privilege.

**16.   Limits of Protective Order.**

Nothing in this Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using:

- a.   its own Information, Documents, and exhibits which that party produces or discloses in this action;

- b.   any Information produced or disclosed in this action not subject to this Protective Order and not designated as "Confidential" or "Confidential—Attorneys' Eyes Only," or

- c.   Information that a party already possessed or that it obtained by proper means from other sources.

**17.   Continued Obligation Upon Termination of Action.**

The obligations imposed by the Protective Order shall survive the termination of this action.  Within 60 calendar days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" or "Confidential—Attorneys' Eyes Only" from the office of the Clerk of Court.  Following that 60-day period, the Clerk of Court shall destroy all such designated materials and all other materials filed under seal in accordance with this Protective Order.  This Court shall retain jurisdiction over the

subject matter over this Order and the parties herein for purposes of enforcing the Order.

**18.    No Admissions by the Parties.**

Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission by any party or third party that any particular Information is or is not a confidential or trade secret matter within the contemplation of the law, or prejudice in any way the right of any party or third party to seek a Court determination of whether or not any particular materials should be disclosed or if disclosed, whether or not they should be subject to the terms of this Order.

**19.    Responsibility for Ensuring Compliance.**

Counsel for a Party who receives Protected Information shall take reasonable steps to ensure compliance with the terms of this Protective Order with respect to persons to whom such Protected Information is disclosed as a result of Counsel's receipt of such information from the Disclosing Party.  Counsel for the Receiving Party shall obtain and retain the original Acknowledgements signed by qualified recipients of Protected Information.

STIPULATED AND AGREED BY THE PARTIES:

| | |
|---|---|
| *s/David J. Sheikh*<br>David J. Sheikh<br>Niro, Haller & Niro<br>181 West Madison Street<br>Suite 4600<br>Chicago, IL 60602-4515<br>Phone: (312) 236-0733<br>Fax: (312) 236-3137<br>sheikh@nshn.com<br><br>*Counsel for Plaintiff Sunrise Medical (US) LLC* | *s/Jared B. Briant*<br>Jared B. Briant<br>Anne J. Lee<br>Faegre Baker Daniels LLP<br>3200 Wells Fargo Center<br>1700 Lincoln Street<br>Denver, CO 80203<br>Phone: (303) 607-3500<br>Fax: (303) 607-3600<br>jared.briant@faegrebd.com<br>anne.lee@faegred.com<br><br>*Counsel for Defendants Ki Mobility, LLC and Ki Mobility Exports, Inc.* |

ENTERED BY THE COURT this 23rd day of July, 2014.

_____

R. Brooke Jackson

United States District Judge

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT**
## **TO BE BOUND BY PROTECTIVE ORDER**

I, _____, currently office at _____, in the city of _____, state of _____. I am currently employed by _____ and my current job title is _____.

I have read in its entirety and understand the terms of the Stipulated Protective Order dated _____, entered in the *Sunrise Medical (US) LLC v. Ki Mobility, LLC and Ki Mobility Exports, Inc.*, Civil Action No. 14-cv-01249-MEH (D. Colo.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions by the Court.  I shall not use or disclose in any manner any Confidential Information that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any Protected Information  in my possession designated "Confidential" or "Confidential—Attorneys' Eyes Only," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such Protected Information.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____          _____
                    (Date)                                                                (Signature)